**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ALEX BEREZOVSKY, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:15-cv-01186-GMN-GWF |
| vs. ) | |
| ) | **ORDER** |
| GREGORY MONIZ, an individual; IDELL ) | |
| MONIZ, an individual; BANK OF AMERICA,) | |
| N.A., WELLS FARGO BANK, N.A.; and any ) | |
| and all other persons unknown claiming any ) | |
| right, title, estate, lien or interest in the ) | |
| Property adverse to the Plaintiff's ownership, ) | |
| or any cloud upon Plaintiff's title thereto ) | |
| (DOES 1 through 10, inclusive); ) | |
| ) | |
| Defendants, ) | |
| ) | |
| FEDERAL HOME LOAN MORTGAGE ) | |
| CORPORATION, ) | |
| ) | |
| Intervenor, ) | |
| ) | |
| FEDERAL HOME LOAN MORTGAGE ) | |
| CORPORATION, ) | |
| ) | |
| Counterclaimant, ) | |
| vs. ) | |
| ) | |
| ) | |
| ALEX BEREZOVSKY, ) | |
| ) | |
| Counter-defendant. ) | |
| ) | |

Pending before the Court is the Motion for Summary Judgment (ECF No. 40) filed by Intervenor/Counterclaimant Federal Home Loan Mortgage Corporation ("Freddie Mac").

Moreover, the Federal Housing Finance Agency ("FHFA") joined Freddie Mac's Motion for Summary Judgment. (ECF No. 64). Plaintiff/Counter-defendant Alex Berezovsky ("Berezovsky") filed a Response (ECF No. 59), and Freddie Mac and FHFA filed a Reply (ECF No. 65).

## I. BACKGROUND

The present action involves the interplay between Nevada Revised Statutes § 116.3116 and 12 U.S.C. § 4617 as it relates to the parties' interests in real property located at 10809 Garden Mist Drive, #1096, Las Vegas, NV, 89135 (the "Property"). On March 5, 2007, Gregory and Idell Moniz (the "Monizes") obtained a loan in the amount of $220,000 from Countrywide Home Loans, Inc. ("Countrywide") that was secured by a Deed of Trust on the Property. (Deed of Trust, ECF No. 41).[1] The Deed of Trust named Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary and Recon Trust Company, N.A. as the trustee. (*Id.*). Freddie Mac purchased the Moniz Loan on March 21, 2007 and has owned it ever since. (*See* Exs. A–B to Lloyd Decl., ECF No. 40). On July 22, 2011, MERS assigned its beneficial interest in the Deed of Trust to BAC Home Loans Servicing, LP ("Bank of America") (Assignment of Deed of Trust, ECF No. 41). Additionally, Bank of America "has been servicing the loan on behalf of Freddie Mac," and "was the servicer of the Loan on behalf of Freddie Mac on June 4, 2013." (Lloyd Decl. ¶ 5).

On September 6, 2008, FHFA's Director placed Fannie Mae and Freddie Mac into conservatorships pursuant to the Housing and Economic Recovery Act of 2008 ("HERA").

On March 17, 2011, Red Rock Financial Services ("Red Rock"), as agent for Garden Terrace Homeowners Association (the "HOA"), recorded a Lien for Delinquent Assessments against the Property for $1,767.38. (Lien for Delinquent Assessments, ECF No. 41). Then on

---

[1] The Court takes judicial notice of Exhibits A–F (ECF No. 41) of Freddie Mac's Request for Judicial Notice (ECF No. 41). *See Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Each of these documents is publicly recorded in the Clark County Recorder's office.

May 6, 2011, Red Rock recorded a Notice of Default and Election to Sell, warning that the HOA would foreclose on its lien unless the assessment payments were brought up to date. (Not. of Default and Election to Sell, ECF No. 41).  On May 9, 2013, Red Rock, as agent for the HOA, recorded a Notice of Foreclosure Sale, setting a foreclosure sale of the Property on June 4, 2013. (Not. of Foreclosure Sale, ECF No. 41).  Plaintiff subsequently purchased the Property as the highest bidder at the June 4, 2013 foreclosure sale. (Foreclosure Deed, ECF No. 41).  At no time during the process did FHFA, as conservator of Freddie Mac, consent to the HOA's foreclosure. (*See* Lloyd Decl. ¶ 10, ECF No. 40).

Plaintiff initiated this action by filing the original complaint in state court on November 5, 2013, asserting, *inter alia*, a claim for quiet title against the Gregory and Idell Moniz, Bank of America, and Wells Fargo Bank, N.A. (Compl. ¶¶ 12–15, ECF No. 1).  Prior to removal, the state court granted the parties' stipulation regarding Freddie Mac's intervention. (Pet. for Removal ¶ 3, ECF No. 1).  Freddie Mac subsequently removed the action to this Court on June 22, 2015. (Not. of Removal, ECF No. 1).  On June 24, 2015, Freddie Mac filed its Answer, asserting counterclaims against Plaintiff and crossclaims against Red Rock and the HOA. (Ans. to Compl. & Counterclaims, ECF No. 4).

On August 24, 2015, Freddie Mac filed the instant Motion for Summary Judgment. (MSJ, ECF No. 40).  On September 14, 2015, this Court entered an Order granting the parties' Stipulation regarding FHFA's Motion to Intervene. (Intervenor Order, ECF No. 55).  Moreover, on November 3, 2015, FHFA joined Freddie Mac's Motion for Summary Judgment. (ECF No. 64).

## II. **LEGAL STANDARD**

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant

is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.*  "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir. 1999)).  A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis.  "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.  In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).  In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24.  If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v.*

*Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

## III. DISCUSSION

In the instant Motion for Summary Judgment, Freddie Mac requests that the Court grant judgment in its favor on its declaratory relief and quiet title counterclaims and on Plaintiff's declaratory relief and quiet title claims. (MSJ 14:7–11, ECF No. 40). Moreover, Freddie Mac requests that the Court declare that "12 U.S.C. § 4617(j)(3) preempts any Nevada law that would permit a foreclosure on a superpriority lien to extinguish a property interest of Freddie Mac while it is under FHFA's conservatorship," "the HOA Sale did not extinguish Freddie Mac's interest in the Property and thus did not convey the Property free and clear of the Deed of Trust to Plaintiff," and "Freddie Mac's request for quiet title is granted insofar as any interest of the Plaintiff in the Property is subject to Freddie Mac's first secured interest in the Property." (*Id.* 14:12–19).

The Court addressed the applicability of 12 U.S.C. § 4617(j)(3) in *Skylights LLC v. Fannie Mae*, 2015 WL 3887061 (D. Nev. June 24, 2015).  After addressing many different arguments regarding the applicability of section 4617(j)(3), the Court held that the plain language of section 4617(j)(3) prohibits property of FHFA from being subject to a foreclosure without its consent. *Id.* at *10.

Here, because Bank of America was servicing the Loan on behalf of Freddie Mac and acquired the beneficial interest in the Deed of Trust on July 22, 2011, Freddie Mac has held an interest in the Property since at least July 22, 2011. *See* Restatement (Third) of Prop.: Mortgages § 5.4 cmt. c (explaining that, when a servicer of a loan held by an institutional purchaser of the loan is assigned the beneficial interest of the mortgage, "[i]t is clear in this situation that the owner of both the note and mortgage is the investor and not the servicer."). Accordingly, because FHFA held an interest in the Deed of Trust as conservator for Freddie Mac prior to the HOA foreclosure, section 4617(j)(3) prevents the HOA's foreclosure on the Property from extinguishing the Deed of Trust.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Freddie Mac's Motion for Summary Judgment (ECF No. 40) is **GRANTED**.  The Court finds that 12 U.S.C. § 4617(j)(3) preempts Nevada Revised Statutes § 116.3116 to the extent that a homeowner association's foreclosure of its super-priority lien cannot extinguish a property interest of Fannie Mae or Freddie Mac while those entities are under FHFA's conservatorship.  Accordingly, the HOA's foreclosure sale did not extinguish Freddie Mac's interest in the Property and thus did not convey the Property free and clear of the Deed of Trust to Plaintiff.

**IT IS FURTHER ORDERED** that Freddie Mac is granted summary judgment on Plaintiff's claims for declaratory relief and quiet title.  Moreover, because Freddie Mac is granted summary judgment as to Plaintiff's claims, Plaintiff's claims against Defendants

Gregory and Idell Moniz, Bank of America, and Wells Fargo Bank, N.A. must also fail. Accordingly, judgment is entered in favor of Defendants and against Plaintiff as to Plaintiff's declaratory relief and quiet title claims.

**IT IS FURTHER ORDERED** that Freddie Mac is granted summary judgement on its counterclaims of declaratory relief and quiet title against Plaintiff. However, Freddie Mac's counterclaim of unjust enrichment is not resolved by this Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motions for Summary Judgment (ECF Nos. 15 and 60) are **DENIED**.

**IT IS FURTHER ORDERED** that Bank of America's Motion for Summary Judgment ECF No. 6) is **DENIED** as moot.

**DATED** this __15__ day of December, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Judge